**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GURVINDER GHUMAN;<br>PARMINDER GHUMAN,<br><br>                Plaintiffs,<br><br>    v.<br><br>WELLS FARGO BANK, N.A. dba<br>AMERICA'S SERVICING COMPANY;<br>and DOES 1 through 100, inclusive,<br><br>                Defendants. | 1:12-cv-00902-AWI-BAM<br><br>ORDER RE: EX PARTE MOTION<br>FOR TEMPORARY<br>RESTRAINING ORDER<br><br>(Doc. 7) |

## I. INTRODUCTION

Plaintiffs Gurvinder Ghuman and Parminder Ghuman (hereinafter referred to as "Plaintiffs") have filed an ex parte motion for a temporary restraining order enjoining defendant Wells Fargo Bank, N.A. dba America's Servicing Company from conducting a foreclosure sale of real property located at 1644 East El Paso, Fresno, California 93720. For reasons discussed below, the motion shall be denied inasmuch as Plaintiffs request relief on ex parte basis. Nevertheless, the Court construes Plaintiffs' motion as a noticed motion and sets a briefing schedule to allow Defendant to respond.

## II. FACTS AND PROCEDURAL BACKGROUND

On June 1, 2012, Plaintiffs filed their complaint against defendants Wells Fargo Bank, N.A. dba America's Servicing Company (hereinafter referred to as "Defendant") and Does 1 through 100, inclusive, asserting causes of action for (1) declaratory relief, (2) contractual breach of the implied covenant of good faith and fair dealing, (3) violation of the Truth in Lending Act, 15 U.S.C. §§ 1601 et seq., (4) violation of the Real Estate Settlement Procedures Act, 1 U.S.C. §§ 2601 et seq., (5) rescission, (6) fraud, (7) "Unfair and Deceptive Business Act Practices," (8) breach of fiduciary duty and (9) "unconscionability – UCC-2-2302." On June 7, 2012, Plaintiff filed this ex parte motion for a temporary restraining order enjoining Defendant and its agents, servants and employees from conducting a foreclosure sale of real property located at 1644 East El Paso, Fresno, CA 93720.

## III. LEGAL STANDARD

"The standards governing the issuance of temporary restraining orders are 'substantially identical' to those governing the issuance of preliminary injunctions." *O'Keefe v. Cate,* slip copy, 2012 WL 1555055 (E.D.Cal. 2012), at *1 (citing *Stuhlbarg Intern. Sales Co., Inc. v. John D. Brushy and Co., Inc.,* 240 F.3d 832, 839 n. 7 (9th Cir. 2011)). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). "A preliminary injunction is an extraordinary remedy never awarded as of right. In each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.' 'In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction.' " *Id*. at 24 (internal citations omitted). The Ninth Circuit

2

has adopted a sliding scale approach to preliminary injunctions in which an injunction may issue "where the likelihood of success is such that 'serious questions going to the merits were raised and the balance of hardships tips sharply in [plaintiff's] favor.' " *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1131 (9th Cir. 2011) (citing *Clear Channel Outdoor, Inc. v. City of Los Angeles,* 340 F.3d 810, 813 (9th Cir. 2000)).

## IV. DISCUSSION

Having reviewed the pleadings of record and all competent and admissible evidence submitted, the Court finds the circumstances do not warrant injunctive relief on an ex parte basis. The foreclosure sale Plaintiffs seek to enjoin is currently scheduled for June 25, 2012, more than two weeks from today. Plaintiffs have provided no authority – and the Court's research reveals no authority – to suggest two weeks would be insufficient time for Defendant to be heard in opposition before immediate and irreparable injury would result to Plaintiffs, as required under the standard for issuance of temporary restraining orders. *See* Fed. R. Civ. P. 65(b)(1)(A). Thus, Plaintiffs' motion for a temporary restraining order shall be denied inasmuch as Plaintiffs seek ex parte relief. Nevertheless, in the interest of expediency, the Court shall construe Plaintiffs' motion for temporary restraining order as a noticed motion and set a briefing schedule to allow Defendant to respond.

3

## V. DISPOSITION

Based on the foregoing, Plaintiffs' motion for a temporary restraining order is DENIED inasmuch as Plaintiffs seek to proceed on an ex parte basis. However, the Court construes Plaintiffs' motion as a properly noticed motion and directs Defendant to file an opposition on or before 5:00 p.m. Wednesday, June 13, 2012. Plaintiffs may file a reply by 10:00 a.m. on Friday, June 15, 2012. Oral arguments shall be set for hearing on Tuesday, June 19, 2012 at 1:30 p.m. in courtroom 2.

IT IS SO ORDERED.

Dated:    June 8, 2012

CHIEF UNITED STATES DISTRICT JUDGE