1
2
3
4
5
6
7
8
9
10
11

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GURVINDER GHUMAN;<br>PARMINDER GHUMAN,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A. dba<br>AMERICA'S SERVICING COMPANY;<br>and DOES 1 through 100, inclusive,<br><br>Defendants. | 1:12-cv-00902-AWI-BAM<br><br>ORDER RE: MOTION TO<br>DISMISS COMPLAINT<br><br>(Doc. 11) |

**I. INTRODUCTION**

Defendant Wells Fargo Bank, N.A., moves to dismiss the complaint of plaintiffs Gurvinder Ghuman and Parminder Ghuman.  For reasons discussed below, the motion shall be granted.

**II. FACTS AND PROCEDURAL BACKGROUND**

The Court refers the parties to previous orders for a complete chronology of the proceedings.  On June 1, 2012, plaintiffs Gurvinder Ghuman and Parminder Ghuman ("Plaintiffs") filed their

1   complaint against defendants Wells Fargo Bank, N.A., dba America's Servicing Company and Does

2   1 through 100, inclusive, asserting causes of action for (1) declaratory relief, (2) contractual breach

3   of the implied covenant of good faith and fair dealing, (3) violation of the Truth in Lending Act, 15

4   U.S.C. §§ 1601 et seq., (4) violation of the Real Estate Settlement Procedures Act, 1 U.S.C. §§ 2601

5   et seq., (5) rescission, (6) fraud, (7) "Unfair and Deceptive Business Act Practices," (8) breach of

6   fiduciary duty and (9) "unconscionability – UCC-2-3202." On July 4, 2012, defendant Wells Fargo

7   Bank, N.A. ("Defendant") filed a  motion to dismiss the complaint pursuant to Federal Rule of Civil

8   Procedure 12(b)(6).  Plaintiffs did not file a written opposition to Defendant's motion to dismiss.

9

10                                    **III. LEGAL STANDARD**

11

12   A complaint must contain "a short and plain statement of the claim showing that the pleader is

13   entitled to relief." Fed. R. Civ. P. 8(a)(2).  Where the plaintiff fails to allege "enough facts to state

14   a claim to relief that is plausible on its face," the complaint may be dismissed for failure to allege

15   facts sufficient to state a claim upon which relief may be granted. *Bell Atlantic Corp. v. Twombly,*

16   550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007); *see* Fed. R. Civ. P. 12(b)(6).  "A

17   claim has facial plausibility," and thus survives a motion to dismiss, "when the pleaded factual

18   content allows the court to draw the reasonable inference that the defendant is liable for the

19   misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1940, 173 L.Ed.2d 868

20   (2009).  On a Rule 12(b)(6) motion to dismiss, the court accepts all material facts alleged in the

21   complaint as true and construes them in the light most favorable to the plaintiff. *Knievel v. ESPN,*

22   393 F.3d 1068, 1072 (9th Cir. 2005).  However, the court need not accept conclusory allegations,

23   allegations contradicted by exhibits attached to the complaint or matters properly subject to judicial

24   notice, unwarranted deductions of fact or unreasonable inferences. *Daniels-Hall v. National Educ.*

25   *Ass'n,* 629 F.3d 992, 998 (9th Cir. 2010).  "Dismissal with prejudice and without leave to amend is

26   not appropriate unless it is clear . . . the complaint could not be saved by amendment." *Eminence*

27

28                                              2

1    *Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003).

3                                              **IV. DISCUSSION**

5    ***1. Cause of action for contractual breach of good faith and fair dealing*** – Plaintiffs first assert a

6    cause of action against Defendant for breach of the implied covenant of good faith and fair dealing.

7    "It has long been recognized in California every contract contains an implied covenant of good faith

8    and fair dealing that " 'neither party will do anything which will injure the right of the other to

9    receive the benefits of the agreement.' " *Wolf v. Walt Disney Pictures and Television,* 162

10   Cal.App.4th 1107, 1120, 76 Cal.Rptr.3d 585 (2008) (quoting *Kransco v. American Empire Surplus*

11   *Lines Ins. Co.,* 23 Cal.4th 390, 400, 97 Cal.Rptr.2d 151, 2 P.3d 1 (2000)).   "[T]he covenant is

12   implied as a *supplement* to the express contractual covenants, to prevent a contracting party from

13   engaging in conduct which (while not technically transgressing the express covenants) frustrates the

14   other party's rights to the benefits of the contract." *Racine & Laramie, Ltd. v. Department of Parks*

15   *and Recreation,* 11 Cal.App.4th 1026, 1031-32, 14 Cal.Rptr.2d 335 (1992).   Plaintiffs allege

16   "Defendant willfully breached its implied covenant of good faith and fair dealing with Plaintiffs

17   when Defendant in its actions and omissions as servicer of Plaintiffs' mortgage loan, including

18   without limitation Defendant's failure to provide accurate accounting of amounts paid and due,

19   Defendant's decision to accelerate and foreclose and its improper assessment of fees to Plaintiffs'

20   account."   Problematically for Plaintiffs, a "prerequisite for any action for breach of the implied

21   covenant of good faith and fair dealing is the existence of a contractual relationship between the

22   parties[.]" *Smith v. City and County of San Francisco,* 225 Cal.App.3d 38, 49, 275 Cal.Rptr. 17

23   (1990) (citing, *inter alia*, *Foley v. Interactive Data Corp.,* 47 Cal.3d 654, 683-84, 690, 254 Cal.Rptr.

24   211, 765 P.2d 373 (1988)).   Plaintiffs have alleged no facts to establish the existence of a contract

25   with Defendant.   Although Defendant is alleged to have serviced Plaintiffs' mortgage on behalf of

26   Deutsche Bank National Trust Company, the purported assignee of the loan agreement, nothing

1  suggests Defendant was a party to the agreement itself.   Absent allegations of a contractual

2  relationship with Defendant, dismissal of this cause of action shall be granted.

3

4  *2. Cause of action for violation of Truth in Lending Act* – Plaintiffs further assert a cause of action

5  against Defendant for violation of the Truth in Lending Act (TILA), 15 U.S.C. §§ 1601 et seq.  TILA

6  "is designed 'to assure a meaningful disclosure of credit terms so that the consumer will be able to

7  compare more readily the various credit terms available to him and avoid the uninformed use of

8  credit.'  15 U.S.C. § 1601(a)." *Barrer v. Chase Bank USA, N.A.,* 566 F.3d 883, 887 (9th Cir. 2009).

9  Regulation Z, 12 C.F.R. § 226, which implements TILA, "establish[es] two conditions a creditor

10  must meet.  'First, it must have disclosed all of the information required by the statute.' [Citation.]

11  That is, disclosures must be complete.  'And second, [they] must have been true – i.e., . . . accurate

12  representation[s] of the legal obligations of the parties at [the] time [the agreement was made].'

13  [Citation.]" *Barrer, supra,* at p. 887.  Incorporating previous allegations by reference, Plaintiffs

14  allege: "Defendant violated [TILA] by failing to provide Plaintiff with accurate material disclosures

15  required under TILA by its failure (a) to identify the itself [sic] as the assignee of the Note or to

16  identify the true owner of the Note to Plaintiffs; (b) promptly credit payments to Plaintiffs' account;

17  and (c) by assessing excessive late fees on Plaintiffs' account."  Plaintiffs, however, have provided

18  no authority – and the Court's research reveals no authority - to show the information allegedly not

19  disclosed by Defendant was governed by TILA (i.e., required to be accurately disclosed at the time

20  Plaintiffs' loan agreement was entered into).  Furthermore, "TILA governs disclosures and notices

21  provided at the time of loan origination." *Choudhuri v. Wells Fargo Bank, N.A.,* 2011 WL 2415755

22  (N.D.Cal. 2011) at *3 (citing 15 U.S.C. § 1638(b) and 12 C.F.R. § 226.17(b)).  The nondisclosures

23  appear to concern misconduct occurring after the formative stage of Plaintiffs' loan agreement.

24  Accordingly, Defendant's motion to dismiss this cause of action shall be granted.

25

26  *3. Cause of action for violation of Real Estate Settlement Procedures Act* – Plaintiffs further assert

27

28                                                              4

1  a cause of action against Defendant for violation of the Real Estate Settlement Procedures Act

2  (RESPA), 12 U.S.C. §§ 2601 et seq.  RESPA provides in pertinent part, "If any servicer of a

3  federally related mortgage loan receives a qualified written request from the borrower . . . for

4  information relating to the servicing of such loan, the servicer shall provide a written response

5  acknowledging receipt of the correspondence within 5 days . . . unless the action requested is taken

6  within such period."  12 U.S.C. § 2605(e)(1)(A).  A "qualified written request" is correspondence

7  that provides, or otherwise enables the servicer to identify, "the name and account of the borrower"

8  and "a statement of the reasons for the belief of the borrower, to the extent applicable, that the

9  account is in error or provides sufficient detail to the servicer regarding other information sought by

10  the borrower."  *Id.*, § 2605(e)(1)(B).  Within 30 days, the servicer must provide the borrower with

11  "a written explanation or clarification" of "the reasons for which the servicer believes the account

12  of the borrower is correct" or "why the information requested is unavailable or cannot be

13  obtained[.]" *Id.*, § 2605(e)(2)(B), (C).  Incorporating previous allegations by reference, Plaintiffs

14  allege their loan was a federally regulated mortgage loan as defined in RESPA and that Defendant

15  "violated RESPA as a servicer on Plaintiffs' account by its failure to meaningfully respond to

16  Plaintiffs' qualified written request pursuant to Section 6, 12 USC Section 2605(e), and by failing

17  to properly administer Plaintiffs' mortgage account (including escrow reserves and payments)."

18  Problematically for Plaintiffs, these allegations are too vague and generalized to support liability.

19       As noted above, a qualified written request (QWR) seeks information related to the

20  "servicing" of a loan.  12 U.S.C. § 2605(e)(1)(A).  RESPA defines "servicing" to mean "receiving

21  any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making

22  the payments of principal and interest and such other payments with respect to the amounts received

23  from the borrower as may be required pursuant to the terms of the loan."  12 U.S.C. § 2605(i)(3).

24  Plaintiffs' conclusory assertion they sent Defendant a "qualified written request" does not, without

25  more, establish it was a QWR within the meaning of RESPA triggering Defendant's duty to respond.

26  Plaintiffs must allege facts to show they requested information related to the servicing of their loan

27

28                                                           5

1  agreement or alleged errors in their account.  That was not done here.  Plaintiffs' conclusory

2  assertion Defendant "violated RESPA . . . by its failure to meaningfully respond" is also insufficient

3  to show Defendant did not comply with any RESPA obligations it may have had.  Plaintiffs likewise

4  fail to explain how Defendant "fail[ed] to properly administer Plaintiffs' mortgage account[.]"

5      RESPA further provides in any action by an individual, "[a non-complying servicer] shall

6  be liable to the borrower for each such failure in . . . [¶] . . . an amount equal to the sum of -- [¶] (A)

7  any actual damages to the borrower as a result of this failure; and [¶] (B) any additional damages,

8  as the court may allow, in the case of a pattern or practice of noncompliance with the requirements

9  of this section, in an amount not to exceed $1,000." 12 U.S.C. § 2605(f)(1).  "Although this section

10  does not explicitly set this out as a pleading standard, a number of courts have read the statute as

11  requiring a showing of pecuniary damages in order to state a claim." *Allen v. United Financial*

12  *Mortg. Corp.,* 660 F.Supp.2d 1089, 1097 (N.D.Cal. 2009) (citing *Hutchinson v. Delaware Sav. Bank*

13  *FSB,* 410 F.Supp.2d 374, 383 (D.N.J. 2006)) ("[A]lleging a breach of RESPA duties alone does not

14  state a claim under RESPA.  Plaintiffs must, at a minimum, also allege that the breach resulted in

15  actual damages").  Thus, even assuming Plaintiffs' correspondence qualified as a QWR, Plaintiffs

16  were required to allege actual damages resulting from Defendant's purported failure to properly

17  respond.  That was not done here.  Accordingly, dismissal of this cause of action must be granted.

18

19  *4. Cause of action for rescission* – Plaintiffs further assert a cause of action Defendant for rescission

20  of their loan agreement, alleging they are "entitled to rescind the loan on Plaintiffs' property for all

21  of the foregoing reasons: 1) TILA violations; 2) failure to provide Mortgage Loan Origination

22  Agreement; 3) fraudulent concealment; and 4) public policy grounds, each of which provides

23  independent grounds for relief."  As the Court concludes in various sections of this order, Plaintiffs

24  have failed to allege facts sufficient to state plausible claims to relief for fraud or violations of TILA.

25  Plaintiffs have also articulated no public policy grounds for rescission.  Even assuming, without

26  deciding, that Defendant's alleged failure to provide a mortgage loan origination agreement could

27

28                                                    6

1   conceivably serve as a basis for rescission (unlikely, given Defendant does not appear to be

2   Plaintiffs' original lender or even an assignee), Plaintiffs must nonetheless allege an ability to tender

3   the loan proceeds.  *See Yamamoto v. Bank of New York,* 329 F.3d 1167, 1171-73 (9th Cir. 2003).

4   That was not done here.  Accordingly, dismissal of this cause of action shall be granted.

5

6   *5. Cause of action for fraud –* Plaintiffs further assert a cause of action against Defendant for fraud.

7   In California, " 'fraud is an intentional tort, the elements of which are (1) misrepresentation; (2)

8   knowledge of falsity; (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5)

9   resulting damage. [Citation.]' [Citation.]" *Intrieri v. Superior Court,* 117 Cal.App.4th 72, 85-86,

10  12 Cal.Rptr.3d 97 (2004).  Having reviewed the complaint in its entirety, the Court finds Plaintiffs

11  have failed to allege facts sufficient to state a plausible claim to relief against Defendant.

12       Federal Rule of Civil Procedure 9(b) requires that, in alleging fraud, "a party must state with

13  particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  "To comply

14  with Rule 9(b), allegations of fraud must be 'specific enough to give defendants notice of the

15  particular misconduct which is alleged to constitute the fraud charged so they can defend against the

16  charge and not just deny that they have done anything wrong.' [Citation.]" *Bly-Magee v. California,*

17  236 F.3d 1014, 1019 (9th Cir. 2001).  "Averments of fraud must be accompanied by 'the who, what,

18  when, where, and how' of the misconduct charged. [Citation.] '[A] plaintiff must set forth *more* than

19  the neutral facts necessary to identify the transaction.  The plaintiff must set forth what is false or

20  misleading about a statement, and why it is false.' [Citation.]" *Vess v. Ciba-Geigy Corp. USA,* 317

21  F.3d 1097, 1106 (9th Cir. 2003); *see Lazar v. Superior Court,* 12 Cal.4th 631, 645, 49 Cal.Rptr.2d

22  377, 909 P.2d 981 (1996); *Tarmann v. State Farm Mut. Auto Ins. Co.,* 2 Cal.App.4th  153, 157, 2

23  Cal.Rptr.2d 861 (1991) ("requirement of specificity in a fraud action against a corporation requires

24  the plaintiff to allege the names of the persons who made the allegedly fraudulent representations,

25  their authority to speak, to whom they spoke, what they said or wrote, and when . . . .").

26       Incorporating previous allegations by reference, Plaintiffs allege Defendant "intentionally,

27

28                                                    7

1  willfully and wantonly engaged in . . . acts with the purpose of deceiving Plaintiffs and inducing

2  them to part with their personal and real property;" "misrepresented the amounts due and/or

3  misapplied payment amounts toward late charges and other pyramided fees;" and "engaged in the

4  unlawful suppression of facts or circumstances by one of the parties to a contract from the other, for

5  self-serving purposes and financial gain . . . ."   These allegations are simply too vague and

6  generalized to support a claim for fraud.  Plaintiffs have not provided the requisite specificity for the

7  allegations, such as identifying what exactly the misrepresentations were, when and where they were

8  made and by whom.  Accordingly, dismissal of the fraud claim must be granted.

9

10  ***6. Cause of action for "Unfair and Deceptive Business Act Practices"*** – Plaintiffs further assert a

11  cause of action against Defendant for "Unfair and Deceptive Business Act Practices," presumably

12  a claim of unfair and fraudulent business practices in violation of California's Unfair Competition

13  Law (UCL), California Business and Professions Code §§ 17200 et seq.  "In order to state a claim

14  for a violation of the [UCL], a plaintiff must allege that the defendant committed a business act that

15  is either fraudulent, unlawful, or unfair." *Levine v. Blue Shield of California,* 189 Cal.App.4th 1117,

16  1136, 117 Cal.Rptr.3d 262 (2010).    The purpose of the UCL "is to protect both consumers and

17  competitors by promoting fair competition in commercial markets for goods and services." *Kasky*

18  *v. Nike, Inc.,* 27 Cal.4th 939, 949, 119 Cal.Rptr.2d 296, 45 P.3d 243 (2002).  " 'Because [the UCL]

19  is written in the disjunctive, it establishes three varieties of unfair competition – acts or practices

20  which are unlawful, or unfair, or fraudulent. "In other words, a practice is prohibited as 'unfair' or

21  'deceptive' even if not 'unlawful' and vice versa." ' "  *Cel-Tech Communications, Inc. v. Los*

22  *Angeles Cellular Telephone Co.,* 20 Cal.4th 163, 180, 83 Cal.Rptr.2d 548, 973 P.2d 527 (1999).

23       An unlawful business practice is one that " 'is forbidden by any law' " (*Olszewski v. Scripps*

24  *Health,* 30 Cal.4th 798, 827, 135 Cal.Rptr.2d 1, 69 P.3d 927 (2003)), and "[v]irtually any law –

25  federal, state or local – can serve as a predicate for a section 17200 action" (*State Farm Fire &*

26  *Casualty Co. v. Superior Court,* 45 Cal.App.4th 1093, 1102-03, 53 Cal.Rptr.2d 229 (1996)

27

28                                                          8

1   (abrogated on other grounds by *Cel-Tech Communications, Inc., supra,* 20 Cal.4th at 180)). " '[A]

2   fraudulent business practice is one that is likely to deceive members of the public.' [Citation.]  'A

3   claim based upon the fraudulent business practice prong of the UCL is "distinct from common law

4   fraud.  'A [common law] fraudulent deception must be actually false, known to be false by the

5   perpetrator and reasonably relied upon by a victim who incurs damages.  None of these elements are

6   required to state a claim for . . . relief' under the UCL. [Citations.] This distinction reflects the

7   UCL's focus on the defendant's conduct, rather than the plaintiff's damages, in service of the

8   statute's larger purpose of protecting the general public against unscrupulous business practices."'

9   [Citation.]  A fraudulent business practice ' " 'may be accurate on some level, but will nonetheless

10  tend to mislead or deceive . . . . A perfectly true statement couched in such a manner that is likely

11  to mislead or deceive the consumer, such as by failure to disclose other relevant information, is

12  actionable under' " the UCL.' [Citation.]" *Boschma v. Home Loan Center, Inc.,* 198 Cal.App.4th

13  230, 252-53, 129 Cal.Rptr.3d 874 (2011).  Lastly, "an 'unfair' business practice is actionable under

14  the [UCL] even if it is not 'deceptive' or 'unlawful.' [Citations.]" *Countrywide Financial Corp. v.*

15  *Bundy,* 187 Cal.App.4th 234, 257, 113 Cal.Rptr.3d 705 (2010).  "The 'unfair' standard is

16  intentionally broad to allow courts to have maximum discretion to prohibit schemes to defraud," and

17  "[t]he unfairness test has been described as follows: 'Determination of whether a business practice

18  or act is 'unfair' within the meaning of the [UCL] entails examination of the impact of the practice

19  or act on its victim, " '. . . balanced against the reasons, justifications and motives of the alleged

20  wrongdoers.  In brief, the court must weigh the utility of the defendant's conduct against the gravity

21  of the harm to the alleged victim . . . .' [Citation.]" [Citations.]' " *Id.*

22      Having reviewed the complaint, the Court finds Plaintiffs have failed to allege facts sufficient

23  to plead a violation of the UCL's unlawful, fraudulent or unfair prongs.  Accordingly, dismissal of

24  this cause of action must be granted in favor of Defendant.

25

26  *7. Cause of action for breach of fiduciary duty* – Plaintiffs further assert a cause of action against

27

28                                                    9

1   Defendant for breach of fiduciary duty.  Having reviewed the complaint, the Court finds Plaintiffs

2   have failed to allege facts sufficient to state a plausible claim to relief.  Plaintiffs allege Defendant

3   "owed a fiduciary duty to Plaintiffs to properly apply all payments received on Plaintiff's [sic] loan

4   and to properly assess reasonable charges on such loan and Defendant breached that duty."

5   Problematically for Plaintiffs, neither lenders nor loan servicers owe borrowers fiduciary duties

6   under California law.  *See Nymark v. Heart Fed. Savings & Loan Assn.,* 231 Cal.App.3d 1089, 1096,

7   283 Cal.Rptr. 53 (1991) ("[A]s a general rule, a financial institution owes no duty of care to a

8   borrower when the institution's involvement in the loan transaction does not exceed the scope of its

9   conventional role as a mere lender of money").  Courts have recognized a financial institution may

10  owe fiduciary duties to a borrower where its financing activity extends beyond that of a conventional

11  lender.  *See Kim v. Sumitomo Bank,* 17 Cal.App.4th 974, 979-81, 21 Cal.Rptr.2d 834 (1993)

12  (relationship between borrower and lender is typically not fiduciary in nature unless the borrower

13  can demonstrate a special relationship or circumstances giving the lender/borrower relation a

14  fiduciary character).  Nothing in the complaint, however, suggests this was the case here.

15  Accordingly, Defendant's motion to dismiss this cause of action shall be granted.

16

17  ***8. Cause of action for "unconscionability – UCC-2-3202"*** – Plaintiffs further assert a cause of

18  action against Defendant for "unconscionability – UCC-2-3202."  The reference to "UCC-2-3202"

19  is clearly erroneous as the Uniform Commercial Code contains no such section, but even assuming

20  Plaintiffs intended to allege their loan agreement was unenforceable under general unconscionability

21  principles, Plaintiffs have failed to state a claim.  In California, " 'unconscionability has both a

22  "procedural" and a "substantive" element,' the former focusing on 'oppression' or 'surprise' due to

23  unequal bargaining power, the latter on 'overly harsh' or 'one-sided' results. [Citation.]"

24  *Armendariz v. Foundation Health Psychcare Services, Inc.,* 24 Cal.4th 83, 114, 99 Cal.Rptr.2d 745,

25  6 P.3d 669 (2000).  " 'Oppression' arises from an inequality of bargaining power which results in

26  no real negotiation and 'an absence of meaningful choice.' [Citations.] 'Surprise' involves the extent

27

28                                                    10

1  to which the supposedly agreed-upon terms of the bargain are hidden in the prolix printed form

2  drafted by the party seeking to enforce the disputed terms. [Citations.]" *A & M Produce Co. v. FMC*

3  *Corp.,* 135 Cal.App.3d 473, 486, 186 Cal.Rptr. 114 (1982).  " 'Substantive unconscionability'

4  focuses on the terms of the agreement and whether those terms are 'so one-sided as to "shock the

5  conscience." ' [Citations.]" *Kinney v. United HealthCare Services, Inc.,* 70 Cal.App.4th 1322, 1330,

6  83 Cal.Rptr.2d 348 (1999) (emphasis omitted).  " 'The prevailing view is that [procedural and

7  substantive unconscionability] must both be present in order for a court to exercise its discretion to

8  refuse to enforce a contract or clause under the doctrine of unconscionability.' [Citation.] But they

9  need not be present in the same degree.  'Essentially a sliding scale is invoked which disregards the

10  regularity of the procedural process of the contract formation, that creates the terms, in proportion

11  to the greater harshness or unreasonableness of the substantive terms themselves.' [Citations.] In

12  other words, the more substantively oppressive the contract term, the less evidence of procedural

13  unconscionability is required to come to the conclusion that the term is unenforceable, and vice

14  versa." *Armendariz, supra,* at p. 114.  Plaintiffs have alleged no facts to show to their loan

15  agreement was procedurally or substantively unconscionable, nor have they alleged facts establishing

16  the circumstances under which they were presented with the agreement.  Plaintiffs have also alleged

17  no facts establishing the relative bargaining power of the parties.  Therefore, they cannot demonstrate

18  the agreement was oppressive.  Accordingly, dismissal of this claim shall be granted.

19

20  **9. Declaratory relief** – Plaintiffs further seek a judicial declaration that Defendant does not have the

21  right to foreclose on their property.  This cause of action is a request for relief premised on their

22  substantive causes of action.  Because Plaintiffs have failed to allege facts sufficient to state any

23  substantive claims to relief, dismissal of the cause of action for declaratory relief must be granted.

24

25

26

27

28
11

**V. DISPOSITION**

Based on the foregoing, Defendant's motion to dismiss the complaint as against it is GRANTED with leave to amend.  Plaintiffs shall have leave to amend within 30 days of entry of this order.  The hearing date of August 6, 2012 is hereby VACATED.

IT IS SO ORDERED.

Dated:    July 24, 2012

_____
CHIEF UNITED STATES DISTRICT JUDGE