1 | Vicki L. St. John (SB #139625)
2 | 281 West Hilton Drive
  | Boulder Creek, CA 95006
3 | (831) 703-4082
  | (831) 851-3273 (fax)
4 | vickisterlingstjohn@hotmail.com
  | Attorney for Plaintiff
5
6
7 | **UNITED STATES DISTRICT COURT**
8 | **FOR EASTERN DISTRICT OF CALIFORNIA**
  | **FRESNO DIVISION**
9

| | |
|---|---|
| GURVINDER GHUMAN and PARMINDER K. GHUMAN, as individuals )<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO BANK, N.A., d/b/a AMERICA'S SERVICING COMPANY; NDeX WEST, LLC; and DOES 1 THROUGH 100, INCLUSIVE<br><br>Defendants. | Case No. 1:12-cv-00902-AWI-BAM<br><br>**PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>**Hon. Chief Judge A.W. Ishii;<br>Hon. Mag. Judge B. McAuliffe**<br><br>**First Amended Complaint Due:<br>August 28, 2012**<br><br>**Jury Trial Demanded** |

Pursuant to the July 24, 2012, Order of this Court, the Plaintiffs,  GURVINDER GHUMAN and PARMINDER K. GHUMAN ("Plaintiffs"), herby submit  their First Amendeed Complaint against the Defendants,  as follows:

1

**THE PARTIES**

1.        Plaintiffs Gurvinder Ghuman and Parminder K. Ghuman are allegedly the Trustors/Borrowers on a Note and Deed of Trust that purportedly put a lien on the real property located at 1644 East El Paso, Fresno, CA 93720, APN 404-143-14 (the "Subject Property").

2.        Defendant  WELLS FARGO BANK, N.A. ("WELLS FARGO") is now and at all times relevant to this action, a national banking association, with its main office in Sioux Falls, South Dakota, doing business in the county of FRESNO, State of California.  WELLS FARGO is doing business as AMERICA'S SERVICING COMPANY and was the Master Servicer of the Pooling and Servicing Agreement and is a purported participant in the imperfect securitization of the Note and/or Deed of Trust, as more particularly described in this First Amended Complaint.  Defendant, WELLS FARGO, doing business as AMERICA'S SERVICING COMPANY, is also the mortgage servicer of the Plaintiffs' mortgage loan on their Subject Property more particularly described in this First Amended Complaint.

3.        Defendant NDeX West, LLC, a single member LLC organized in Delaware with its headquarters located in Addison, Texas ("NDeX"), is now and at all times relevant to this action,  doing business in the county of FRESNO, State of California and is in the business of conducting non-judicial foreclosures.  NDeX was not named as a defendant in the original complaint since Plaintiffs had already filed their original complaint when NDeX delivered a Notice of Trustee's Sale to Plaintiffs' Subject Property on or about June 4, 2012.

4.        Plaintiffs do not know the true names, capacities, or basis for liability of Defendants sued herein as Does 1 through 100, inclusive, as the Defendant is in some manner liable to Plaintiffs, or claims some right, title, or interest in the Property.  Plaintiffs will amend this First Amended Complaint to allege their true names and capacities when ascertained.

**FIRST AMENDED COMPLAINT** 1:12-cv-00902-AWI-BAM

Plaintiffs are informed and believe, and therefore allege, that at all relevant times mentioned in this First Amended Complaint, that the named Defendants are responsible in some manner for the injuries and damages to Plaintiffs so alleged and that such injuries and damages were proximately caused by the Defendants.

## JURISDICTION, VENUE, INTRADISTRICT ASSIGNMENT

5.　　Plaintiffs are now, and at all times relevant to this action,  residents of the County of FRESNO, State of California.

6.　The transactions and events which are the subject matter of this First Amended Complaint all occurred within the County of FRESNO, State of California.

7.　The Subject Property is located within the County of FRESNO, State of California.   At all times relevant to this action, Plaintiffs  have owned the Subject Property.

8.　Plaintiffs are  citizens of California . Defendant WELLS FARGO BANK, d/b/a as AMERICA'S SERVICING COMPANY, is a citizen of South Dakota.  Defendant NDeX is organized in Delaware with its primary location in Texas. Plaintiffs are informed and believe that this Court also has jurisdiction of this case pursuant to 28 USC 1332(a)(1) because Plaintiffs' and Defendants' citizenship is entirely diverse and the amount in controversy herein exceeds $75,000.00.

9.　Venue is proper pursuant to 28 USC 1391(a)(2) since the unlawful conduct of Defendants is alleged to have occurred in Fresno County, California and the Subject Property is located within Fresno County, California. For the foregoing reasons, venue is appropriate in this Court, and this First Amended Complaint should be assigned to its Fresno Division.

**FIRST AMENDED COMPLAINT** 1:12-cv-00902-AWI-BAM

**STATEMENT OF THE FACTS**

10. On August 29, 2005, Plaintiffs signed a negotiable promissory note (the "Note"), in the amount of $407,600.00, loan number #1127078466, in favor of Secured Bankers Mortgage Co. ("Lender").

11. On the same date, to secure the Note, Plaintiffs also executed that certain Deed of Trust (the "Deed of Trust"), which conveyed a security interest in the Subject Property to Lender. The Deed of Trust was recorded on September 2, 2005 as Instrument No. 2005-0206533 in the Official Records of the Recorder of Fresno County, California.

12. The Deed of Trust named T.D. Service Co. as Trustee and Mortgage Electronic Registration Systems, Inc. ("MERS") as the original beneficiary under the Deed of Trust, acting solely as a "nominee" for Lender and Lender's successors and assigns. MERS was not named as the payee of the Note.

13. On or about November 30, 2005 (the "Closing Date"), Lender sold and transferred its interest in the Plaintiffs' Note to the $369,641,876 Morgan Stanley Mortgage Loan Trust 2005-10, a New York mortgage backed securities trust (the "Morgan Stanley Trust"), which was registered with the Securities and Exchange Commssion ("SEC"). The prospectus for the Morgan Stanley Trust may be found at http://www.secinfo.com/dsvrn.z7f2.htm#1stPage. Plaintiffs are informed and believe, and thereon allege, that Plaintiffs' Deed of Trust was not transferred to the Morgan Stanley Trust. Defendant WELLS FARGO was named as the Master Servicer for the Morgan Stanley Trust. Deutsche Bank National Trust Company ("Deutsche Bank") was named as the trustee of the Morgan Stanley Trust.

14. On or about December 7, 2007, the Lender ceased conducting business. At the time Lender ceased operations, the Note had been transferred (although not in accorance with the

applicable Pooling and Servicing Agreement) to the Morgan Stanley Trust, but the Deed of Trust was not transferred.  Lender's announcement of its cesssation of business may be found at http://ml-implode.com/imploded/lender_SecuredBankersMortageCompany(SBMC).

15. On April 29, 2009, NDeX, as "Trustee or Agent for the Beneficiary,"  recorded against the Subject Property a "Notice of Default and Election to Sell Under the Deed of Trust" ("NOD"), Instrument No. 2009-0057563, in the Official Records of the Fresno County Recorder's Office. The NOD was signed by Ric Juarez, purportedly an employee of NDEx. The NOD identified the amount of the mortgage loan the Plaintiffs obtained from Lender on August 29, 2005. Plaintiffs are informed and believe, and hereby allege, that Defendants  did not comply with the requirements of Section 2923.5 when filing the NOD. Plaintiffs are further informed and believe, and hereby allege, that Defendant NDeX was not appointed as trustee of Plaintiffs' Deed of Trust (see below for further explanation) when it filed the NOD.

16. On May 27, 2009, MERS recorded an Assignment of the Deed of Trust, Instrument No. 2009-0071467, in the Official Records of the Fresno County Recorder's Office.  Through this document, MERS, as "nominee" for the Lender  purported  to convey a beneficial interest in the Deed of Trust to Deutsche Bank, the trustee of the Morgan Stanley Trust.

17. On June 9, 2009, a Substitution of Trustee document, Trustee Sale No. 20090134004795, Title Order No. 110745, was executed by Xet Moua, Vice President of Loan Docs, purportedly an employee of Defendant WELLS FARGO, acting as attorney in fact for Deutsche Bank. Such document purported to substitute Defendant NDeX as trustee under Plaintiffs' Deed of Trust.

18. Defendant NDeX executed an Affidavit dated June 15, 2009, Trustee Sale No. 20090134004795, stating that a copy of the Substitution of Trustee document was mailed prior

**FIRST AMENDED COMPLAINT** 1:12-cv-00902-AWI-BAM

to recording in accordance with California Code Section Section 2924(b).  Plaintiffs are informed and believe, and thereon allege,  that such Substitution of Trustee document and Affidavit have never been recorded in the State of California and that such substitution was contrary to the requirements of California Code Section 2924.

19. On September 18, 2009, NDeX recorded a Notice of Trustee's Sale ("NOS"), Instrument No. 2009-0128854, in the Official Records of the Fresno County Recorder's Office, against the Subject Property.  The NOS set a sale date of October 6, 2009 (which was later postponed). One copy of the NOS was not signed any employee of NDEx; subsequent copies of the NOS were signed by Randy Middleton, purportedly an employee of NDEx. A California Declaration was attached to the NOS, signed by China Brown, purportedly a Loan Administration Supervisor with AMERICA'S SERVICING COMPANY, dated July 1, 2009. Plaintiffs are informed and believe, and thereon allege, that such California Declaration did not meet the requirements of Section 2923.5.

20. Plaintiffs received another NOS dated October 28, 2009 setting a new sale date of November 23, 2009. No employee of NDeX signed the NOS.  An identical copy of the July 1, 2009 California Declaration of China Brown, purported Loan Administrator of AMERICA'S SERVICING COMPANY, was attached to this NOS, which was never recorded.  The November 23, 2009 sale date was postponed.  As stated above, Plaintiffs are informed and believe, and thereon allege, that the California Declaration did not meet the requirements of Section 2923.5.

21. On or about December 3, 2010, Defendant WELLS FARGO sent a letter to Plaintiffs that stated Plaintiffs were approved to make three trial payments on their mortgage loan on January 1, February 1 and March 1, 2011.  Plaintiffs made such trial payments in a timely

fashion.  Plaintiffs are informed and believe, and thereon allege, that their trial mortgage payments were never properly credited to their mortgage loan by Defendant WELLS FARGO and that late fees and other charges were also improperly added to the balance of Plaintiffs' mortgage loan.

22. On or about February 9, 2012, Plaintiffs sent a "qualified written request" to Defendant WELLS FARGO pursuant to Section 6 of the Real Estate Settlement Procedures Act (RESPA). Plaintiffs raised certain issues regarding the assignments and transfers of their Note and/or Deed of Trust, the chain of title, potential Real Estate Mortgage Investment Conduit (REMIC) violations and notarized documents signed (or robo-signed) by unauthorized parties or parties with no personal knowledge of Plaintiffs' mortgage loan.  Defendant WELLS FARGO's response to Plaintiffs' qualified written request attached a copy of the 2005 Note and Deed of Trust and Defendant failed to address any of Plaintiffs' other concerns, contrary to the requirements of RESPA.

23. On or about March 22, 2012, Defendant WELLS FARGO sent a letter to Plaintiffs stating that the Plaintiffs could not be approved for a final loan modification until a title issue was resolved.  Defendant WELLS FARGO requested information about a HELOC second mortgage loan from Bank of America on the Subject Property, which information had been previously provided to Defendant in writing by Plaintiffs on several occasions.

24. On or about April 20, 2012, Defendant WELLS FARGO denied Plaintiffs' loan modification stating that "additional liens on the property" caused Defendant to deny Plaintiffs' request for mortgage assistance.  Plaintiffs are informed and believe, and hereby allege, that Defendant WELLS FARGO denied Plaintiffs' loan modification request in bad

faith since Defendant had actual notice of and documentation regarding such liens since approximately 2010.

25. On or about May 31, 2012, Defendant NDeX began foreclosure proceedings against the Plaintiffs by physically putting a Notice of Sale ("NOS") on the door of the Subject Property. NDeX identified itself in the NOS as the Trustee and set June 25, 2012 as the sale date.  The NOS signature page is unsigned and dated May 29, 2012.  The third page of the Notice is entitled "California Declaration" and is an identical Xerox copy of the declaration signed on July 1, 2009 by China Brown, Loan Administration Supervisor, on behalf of Defendant AMERICA'S SERVICING COMPANY. This declaration stated that the "Mortgage Loan Servicer has obtained from the Commisioner of Corporation [sic] a final or temporary order of exemption pursuant to California Civil Code 2923.53 that is current and valid on the date the accompanying Notice of Sale is filed,"  which filing was *three years after* the date of the declaration.  As stated above, Plaintiffs are informed and believe, and hereby allege, that the California Declaration did not meet the requirements of Section 2923.5.

26. On June 1, 2012, Plaintiffs filed the a complaint in this Court against Defendant WELLS FARGO BANK (d/b/a AMERICA'S SERVICING COMPANY).

27. On June 1, 2012, Defendant NDeX recorded  the May 29, 2012 NOS against the Subject Property in the Official Records of the Fresno County Recorder's Office.

28. On or about June 4, 2012, Defendant NDeX sent multiple revised copies of the May 29, 2012 NOS to Plaintiffs at the Subject Property.  The revised NOS had the same sale date,  June 25, 2012, and this time was signed by Ric Juarez,  who also signed (or "robo-signed") the April 29, 2009 Notice of Default from Defendant NDeX as a purported employee.  This time no

2009 "California Declaration" from China Brown of Defendant AMERICA'S SERVICING COMPANY was attached.

29. On June 7, 2012, Plaintiffs filed an Ex Parte Combined Motion for Temporary Restraining Order and Preliminary Injunction.  Both Defendants WELLS FARGO and NDeX were served.  The motion was denied on June 15, 2012.

30. NDeX set a revised sale date for the Subject Property for July 25, 2012, which was postponed.

31. On July 24, 2012, the Court entered an order granting Defendant's motion to dismiss with leave to amend.  Plaintiffs hereby submit their first amended complaint to the Court.

## FIRST CAUSE OF ACTION

### Slander of Title

### (Against All Defendants)

1.  Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

2.  Plaintiffs are informed and believe, and on that basis allege, that at all times relevant hereto, MERS was and is a private corporate that administers the MERS System, a national electronic registry created in 1993 by several large mortgage industry participants that tracks the transfer of ownership interests and servicing rights in mortgage loans.  MERS was created to be a private database tracking system independent from each county's public recorded document system. Under the MERS System, participating lenders list and records MERS as the grantee of each Deed of Trust in the official records maintained at county register of deeds offices.

3.  MERS is named as the beneficiary under the Deed of Trust and is authorized to act "solely as nominee" for Lender and its successors and assigns.  However, in the instant case,

**FIRST AMENDED COMPLAINT** 1:12-cv-00902-AWI-BAM

Lender went out of business in December 2007 and MERS purported to assign the Deed of Trust in May 2009—almost 18 months *after* Lender ceased doing business.  Therefore, MERS could not make a valid, authorized assignment of the beneficial interest in the Plaintiffs' Deed of Trust to Deutsche Bank in 2009 and any subsequent documents relying on such assignment would be invalid.

4. The June 2009 Substitution of Trustee document executed by Defendant WELLS FARGO as attorney in fact for Deutsche Bank, which purported to substitute Defendant NDeX as trustee, must be invalid. As previously stated, MERS could not make a valid assignment to Deutsche Bank and Deutsche Bank (through Defendant WELLS FARGO as attorney in fact) could not execute a legally effective Substitution of Trustee.   Therefore, the Substitution of Trustee was false and Defendant NDeX is not the current, true trustee under Plaintiffs' Deed of Trust.  Since Defendant NDeX is not the trustee, it could not issue and record valid Notices of Trustee's Sale. Furthermore, Defendant NDeX recorded the NOD against the Subject Property in April 2009, two months prior to the creation of the problematic Assignment of Deed of Trust and Substitution of Trustee. Therefore, Defendant NDeX had no authority to record a valid NOD.

5. The Defendants' recordation of the Assignment of Deed of Trust, Substitution of Trustee and the Notices of Default and Trustee's Sale was therefore knowingly wrongful, without justification, in violation of statute, unprivileged and caused doubt regarding Plaintiffs' title to the Subject Property.  The false recordation of the foregoing documents directly impairs the vendibility of Plaintiffs' Subject Property on the open market in an amount to be proved at trial.

6. The recording of the foregoing documents caused Plaintiffs to retain attorneys to bring this

**FIRST AMENDED COMPLAINT** 1:12-cv-00902-AWI-BAM

action to cancel the instruments casting doubt on Plaintiffs' title.  Therefore, Plaintiffs are entitled to attorneys' fees and costs incurred in cancelling such instruments.  Plaintiffs do not know the exact amount of damages at this time, and Plaintiffs will move to amend this First Amended Complaint to state such amount when it becomes known, or as proven at trial.

## SECOND CAUSE OF ACTION
### Wrongful Foreclosure
### (Against All Defendants)

7.  Plaintiffs  re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

8.  As discussed above, the Substitution of Trustee executed in June 2009 from Defendant WELLS FARGO (as attorney in fact for Deutsche Bank) to Defendant NDeX is invalid and of no legal effect because the 2009 Assignment of Deed of Trust from MERS to Deutsche Bank failed.  Therefore, Defendant NDeX is not the present trustee under Plaintiffs' Deed of Trust and has no legal authority to act as the trustee because California's non-judicial foreclosure system allows only the true trustee to convey property via a trustee's deed pursuant to a power of sale clause contained in the Deed of Trust. Any trustee's sale of Plaintiffs' Subject Property would be invalid since Defendant NDeX lacks the power of sale.

9.  Neither Defendants WELLS FARGO nor NDeX have the legal power to complete a foreclosure of the Subject Property, due to the invalidity of the Assignment of the Deed of Trust and the Substitution of Trustee (as discussed above). Allowing a Trustee's sale of the Subject Property would violate California's non-judicial foreclosure statutory scheme

**FIRST AMENDED COMPLAINT** 1:12-cv-00902-AWI-BAM

(California Civil Code Sec. 2924 et seq.)  and would cause Plaintiffs to wrongfully lose their Subject Property.

### i.   Defendants Have Not Complied with California Civil Code Section 2932.5

10. The Notice of Trustee's Sale last recorded on June 1, 2012 cannot lead to a valid foreclosure because Defendants have failed to comply with California Code Section 2932.5.

11. Section 2932.5 provides that where there is an instrument, such as a deed of trust, which is intended to secure the payment of money, the power of sale "is part of the security and vests in any person who by assignment becomes entitled to payment of the money secured by the instrument.  The power of sale may be exercised by the assignee if the assignment is duly acknowledged and recorded."  Thus, under Section 2932.5, the power of sale can only by exercised by an assignee who has recorded the assignment by which they acceded to the original lender's interest in the property.  Therefore, in order to comply with Section 2932.5 any entity attempting to foreclose on Plaintiffs' Subject Property must have been entitled to payment under the Deed of Trust and must have been the recorded beneficiary in the public chain of title prior to the date of the foreclosure sale.  In the instant case, however, Defendant NDeX has not complied with Section 2932.5.

12. As discussed above, the Assignment of the Deed of Trust by MERS to Deutsche Bank failed because MERS was only authorized to act "solely as nominee for the Lender" and the Lender was defunct long before MERS made an unauthorized assignment to Deutsche Bank.  Therefore, Deutsche Bank was not the true beneficiary under the Plaintiffs' Deed of Trust as reflected in the public chain of title and thus failed to comply with Section 2932.5. Furthermore, Defendant NDeX never recorded the Substitution of Trustee document in the

State of California, despite the language of its Affidavit.

13. For the reasons stated above, there is a likelihood that Plaintiffs will prevail on the merits of their wrongful foreclosure claim.  If Defendants are permitted to rely on the void and wrongful Substitution of Trustee and Notice of Trustee's Sale to complete the foreclosure process on the Subject Property by conducting a Trustee's sale and issuing a Trustee's Deed upon Sale, Plaintiffs will wrongfully lose their Subject Property.  Such injury is irreparable and cannot be adequately compensated by financial means.  Furthermore, real property is considered unique in California and monetary damages are deemed inadequate to compensate Plaintiffs for the loss of their home.  *Stockton v. Newman*, 148 Cal. App. 2d 558, 564 (1957).

### THIRD CAUSE OF ACTION

**Violation of California Civil Code Section 2923.5**

**(Against Defendant WELLS FARGO)**

14. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

15. Defendant WELLS FARGO violated California Civil Code Section 2923.5 by failing to contact Plaintiffs, in person or by telephone, at least thirty (30) days prior to causing Defendant NDeX to record the Notice of Default on April 29, 2009. The Declaration attached to the NOD stating that someone tried with due diligence to contact the borrower as required under Section 2923.5 is false because although signed under oath, the signer had no personal knowledge of whether Plaintiffs were ever contacted, and in fact, Plaintiffs were not contacted as required.

16. Defendant WELLS FARGO's failure to comply with the notice and contact requirements of

**FIRST AMENDED COMPLAINT** 1:12-cv-00902-AWI-BAM

Section 2923.5 renders the NOD and all subsequent proceedings (whether taken by Defendant WELLS FARGO or Defendant NDeX) based on the NOD, including the Notices of Trustee's Sale discussed above, invalid and void.  See *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 236-37 (2010) (Notice of Default which fails to comply with Section 2923.5 is invalid and a non-judicial foreclosure may only proceed if a new, valid Notice is Default is recorded.).

## FOURTH CAUSE OF ACTION

### Violation of Real Estate Settlement Procedures Act, 1 U.S.C. § 2601 et seq.
### (Against Defendant WELLS FARGO)

17. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

18. The loan to Plaintiffs was a federally regulated mortgage loan as defined in the Real Estate Settlement Procedures Act ("RESPA").

19. Defendant WELLS FARGO violated RESPA as servicer on Plaintiffs' mortgage loan by its failure to meaningfully respond to Plaintiffs' qualified written request pursuant to Section 6, 12 USC Section 2605 (e), and by failing to properly administer Plaintiffs' mortgage loan account (including but not limited to failing to properly credit for trial payments, failure to negotiate a loan modification in good faith, and charging improper late fees and other charges).

20. As a proximate result of Defendant's actions, Plaintiffs have been damaged in an amount not yet ascertained, to be proven at trial.

### **FIFTH CAUSE OF ACTION**

**Violations of the Unfair Business Practices Act**
**(California Business and Professions Code Section 17200)**
**(Against All Defendants)**

21. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though

     fully set forth herein.

22. California Business and Professions Code Section 17200 prohibits unlawful, unfair or

     fraudulent business practices.  Section 17200 is a derivative cause of action and Plaintiffs'

     ability to pursue this cause of action depends on the success or failure of their substantive

     causes of action.

23. Defendants WELLS FARGO and NDeX engaged in business practices that violate Section

     17200 because Defendants: (a) failed to contact the Plaintiffs at least thirty (30) days prior

     to initiating foreclosure proceedings through the Notice of Default in violation of Section

     2923.5; (b) filed a Notice of Default supported by declarations that failed to comply with

     Section 2923.5; and (c) failed to provide properly endorsed, notarized documentation by

     employees with actual knowledge of Plaintiffs' mortgage loan when initiating and

     proceeding with the non-judicial foreclosure of the Subject Property.

24. Based on the foregoing violations of California law, Defendants violated Business and

     Professions Code Section 17200.  Such violations caused Plaintiffs to suffer an injury in

     fact by placing their interest in the Subject Property in jeopardizing by instituting

     foreclosure proceedings, and by causing monetary damages in an amount to be proved at

     trial.

25. Pursuant to California Code of Civil Procedure Section 1021.5, Plaintiffs are entitled to

     recover their reasonable attorney's fees, costs and expenses incurred in bringing this action.

**FIRST AMENDED COMPLAINT** 1:12-cv-00902-AWI-BAM

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs GURVINDER GHUMAN and PARMINDER K. GHUMAN pray for judgment against Defendants, and each of them, as follows:

1.  For a judgment declaring that the Assignment of the Deed of Trust, the Substitution of Trustee, Notice of Default and Notices of Trustee's Sale (described above) are invalid and any subsequent proceedings based on these documents are also invalid;

2.  For a temporary restraining order, a preliminary injucntion, and a permanent injunction, all enjoining Defendants, and each of them, and their respective agents, servants, and employees, and all persons acting under, in concert with, or for them, from proceeding with a foreclosure sale of Plaintiffs' Subject Property; or taking any action to enforce any other remedy purportedly provided to them by the Deed of Trust;

3.  For damages in an amount to be determined by proof at trial;

4.  For punitive damages as allowed by law in an amount to be determined by proof at trial;

5.  For attorney's fees and costs of this action incurred herein; and

6.  For such other relief as the Court may deem proper.

## **Demand for Jury Trial**

Plaintiffs hereby demand a trial by jury of each and every claim so triable.

Dated: August 27, 2012

                    /s/ Vicki L. St.John
                    Vicki L. St.John
                    Attorney for Plaintiff
                    281 West Hilton Drive
                    Boulder Creek, CA 95006
                    (831) 703-4082
                    (831) 851-3273 (fax)
                    vickisterlingstjohn@hotmail.com

**FIRST AMENDED COMPLAINT** 1:12-cv-00902-AWI-BAM